ACCEPTED
03-15-00215-CV
5142601
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/4/2015 3:48:42 PM
JEFFREY D. KYLE
CLERK

03-15-00215-CV

CAUSE NO._____

IN THE COURT OF APPEALS OF TEXAS
THIRD DISTRICT
AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/4/2015 3:48:42 PM
JEFFREY D. KYLE
Clerk

PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR
EMERGENCY  TEMPORARY RESTRAINING ORDER PENDING MOTION
FOR REVIEW OF TRIAL COURT'S ORDER

**Parties**

1.    Lenny Acevedo is the plaintiff in this action.  Fannie Mae is the defendant.

**Venue and Jurisdiction**

2.    This court has jurisdiction over the controversy because the court has statutory jurisdiction to hear the matter.

3.    Venue is proper in Travis County, Texas because the case plaintiff is asking for relief from an order that was issued by the Travis County Court at Law #2.

**Facts**

4.    On May 1, 2015, an order was signed allowing for a writ of possession to issue on the property of Acevedo.  The order is not available to Plaintiff, as the Travis County Clerk's office does not have it filed in the record and it could not be located.

5.    The order was in response to a Motion to Challenge Insufficient Bond and for Issuance of Writ.

6. The judge did not determine the insufficiency of the posted bond, he determined there was no bond and allowed execution of his previous judgment to issue a writ.

7. The judge erred by not determining the sufficiency of the bond, and if defective, the setting of a sufficient bond and allowing defendant time to cure the defect.

## Cause of Action

8. Because there was a posted bond to stay the execution of the judgment, if the writ is allowed to be executed, it will be an unlawful eviction. The unsigned letter dated April 17, 2015, asking for writ to issue alleges that "an appeal bond was not filed".[1] This is a false statement.

9. If he is unlawfully evicted, plaintiff will suffer irreparable harm.

## Application for Emergency Temporary Restraining Order

10. Plaintiff petitions this court for an emergency temporary restraining order to stay the writ of possession pending the Court's judgment of his Motion for Review of Trial Court's Order, attached hereto.

11. It is probable that the court will determine the judge erred in issuing the order of execution.

---

[1] Exhibit 1 – Unsigned letter from Barrett Dafin Frapier Turner & Engel, LLP, attached hereto and incorporated herein.

12. If plaintiff's application is not granted, harm is imminent because the writ will execute and defendant will be evicted.

13. The harm that will result if the TRO is not issued is irreparable because plaintiff will be in the street.

14. Plaintiff has no adequate remedy at law because the writ has been issued, his property has been posted, and the eviction is imminent.

15. There is insufficient time to serve notice on the defendant and to hold a hearing on the application.

16. Plaintiff is willing to post bond if the court deems it appropriate.

## Request for Temporary Injunction

17. Plaintiff asks the court to set its application for TRO for hearing, and after hearing the application, issue a temporary injunction against defendant.

18. Plaintiff attaches a copy of the clerk's docket as Exhibit 2, for the perusal of the court.

### Prayer

For these reasons, plaintiff asks the court to issue an emergency temporary restraining order, restraining issuance of the writ of possession.

Respectfully submitted,

/s/ James Minerve
James Minerve
State Bar No. 24008692
115 Saddle Blanket Trail

Buda, Texas 78610
(210) 336-5867
(888) 230-6397 (Fax)
Attorney for Lenny Acevedo

CERTIFICATE OF SERVICE

A true and correct copy of the attached Plaintiff's Original Petition and Application for Emergency Temporary Restraining Order as was sent by U. S. Postal service on May 4, 2015 to:

HOPKINS & WILLIAMS
Mark D. Hopkins
12117 Bee Caves Road, Suite 260
Austin, Texas 78738

# EXHIBIT 1

Filed: 4/27/2015 5:58:08 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-15-000869
Adrianna Perez

**BARRETT DAFFIN FRAPPIER**
**TURNER & ENGEL, LLP**

A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS

ATTORNEYS AND COUNSELORS AT LAW

15000 SURVEYOR BOULEVARD
SUITE 100
ADDISON, TEXAS 75001
TELEPHONE (972) 386-5040
TELECOPIER (972) 311-0675

**FILED VIA E-FILING**

April 27, 2015

TRAVIS COUNTY CLERK
P.O. Box 149325
Austin, Texas 78714-9325

Re : FEDERAL NATIONAL MORTGAGE ASSOCIATION, A/K/A FANNIE MAE

vs.

LENNY ACEVEDO
AND ALL OTHER OCCUPANTS OF
1108 FOX SPARROW COVE
PFLUGERVILLE, TEXAS 78660
Cause No.: **C-1-CV-15-000869**

Case # C-1-CV-15-000869

Greetings:

Judgment for Possession was previously granted in favor of the Plaintiff in the above referenced matter on **APRIL 2, 2015**, and an appeal bond has not been filed. Please immediately issue a Writ of Possession against the Defendant and any and all occupants of the property located at the address stated above. Please have the Constable serve the Writ immediately upon its issuance and **contact our Eviction Department at 1-800-266-2626** to schedule a move out and/or to advise us if the property becomes vacant. In order to implement this set out, we are kindly requesting 48 hours notification prior to your scheduling of the execution of the writ.

Respectfully.

BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
Attorneys for Plaintiff

BDFTE#:: 00000002397453

EV_WritOfPossession.rpt (10/17/2014) / Ver-37

EXHIBIT 2

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS 78714-9325

TIME: 08:33:45 AM
DATE: May 4, 2015
PAGE: 1

**C-1-CV-15-000869**   **FEDERAL NATIONAL VS L ACEVEDO**

PARTY:
COURT/JUDGE: CC2   COUNTY COURT AT LAW #2        STATUS:  DO   DISPOSED
FILING DATE: 01-29-2015                          CASE TYPE: CJP   CV J P APPEAL
DATE CASE ENTERED: 01-29-2015
EVENT CATEGORY:
PERIOD:            TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 01-29-2015 | PL 1 | ASM:CV JP APPEAL FILING | | $257.00 |
| | | Create New Case and Assess/Waive - Assessment Event | | |
| 01-29-2015 | PL 1 | ORD:CV CASH BOND ORDERED | | $500.00 |
| 01-29-2015 | PL 1 | OPN:CV JP APPEAL FILED | | |
| 01-29-2015 | PL 1 | ISS:CV NTC OF APPEAL AND COSTS | | |
| 01-29-2015 | DF 1 | ISS:CV MONEY ON DEPOSIT LTR | | |
| 01-29-2015 | PL 1 | PMT:CV CASH BOND PAYMENT | C  111621 | $-500.00 |
| | | Received Of:  FEDERAL NATIONA | | |
| | | Memo:  TRAVIS CO JP 2 | | |
| 02-04-2015 | | NTC:CV APPEAL & COST RETURNED | | |
| 02-05-2015 | | PLD:CV LETTER TO CLERK | | |
| 02-05-2015 | PL 1 | ASM:CV CIVIL FILING FEE | | $257.00 |
| | | BARRETT, DAFFIN | | |
| 02-05-2015 | PL 1 | PMT:CV CIVIL FILING FEE | C  111731 | $-257.00 |
| | | Received Of:  BARRETT, DAFFIN | | |
| | | Memo: | | |
| 02-26-2015 | | PLD:CV ENTRY OF APPEARANCE | | |
| 02-26-2015 | | NTC:CV FILING RECORDS & AFFID | | |
| 02-26-2015 | | NTC:CV FILING RECORDS & AFFID | | |
| 02-26-2015 | | NTC:CV SETTING | | |

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS 78714-9325

TIME: 08:33:45 AM
DATE: May 4, 2015
PAGE: 2

C-1-CV-15-000869                    FEDERAL NATIONAL VS L ACEVEDO
          PARTY:
     COURT/JUDGE: CC2   COUNTY COURT AT LAW #2     STATUS: DO   DISPOSED
     FILING DATE: 01-29-2015                       CASE TYPE: CJP   CV J P APPEAL
DATE CASE ENTERED: 01-29-2015
   EVENT CATEGORY:
          PERIOD:              TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 03-09-2015 | PL 1 | ASM:CV JP APPEAL FILING | | $-257.00 |

Duplicate entry, requested void by Michelle Bryant 3/9/2015
CB

| 03-23-2015 | | PLD:CV FAX DOCKET CALL | | |
| 03-23-2015 | DF 1 | PLD:CV ANSWER | | |
| 03-23-2015 | | PLD:CV ENTRY OF APPEARANCE | | |
| 03-30-2015 | | EMS:CV JUDGE'S ACTION | | |

CASE TAKEN UNDER ADVISEMENT: TBC/WOP
PARTIES APPEARED BY AND THROUGH COUNSEL. ONLY.
dls/2PM SHORTDKT

| 03-31-2015 | DF 1 | PLD:CV PLEA TO JURISDICTION | | |
| 04-02-2015 | | EMS:CV JUDGE'S ORDER | | |

FINAL JUDGMENT AFTER NON-JURY TRIAL:
dls/jj

| 04-03-2015 | | CT:CV STAFF ATTORNEY NOTES | | |

OTHER:
Emailed to counsel for Plaintiff, Mr. Hopkins, judgment
in this matter and instructing him to serve the judgment
on Mr. Minerve.
JJ

| 04-06-2015 | | DSP:CV JUDGMENT WRIT OF POSS | | |
| 04-06-2015 | | MSC:CV ORD TO DISB SENT ACCTNG | | |
| 04-06-2015 | DF 1 | ISS:CV NOT OF JDG RULE 306 | | |

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS 78714-9325

TIME: 08:33:45 AM
DATE: May 4, 2015
PAGE: 3

C-1-CV-15-000869     FEDERAL NATIONAL. VS L ACEVEDO
   PARTY:
  COURT/JUDGE: CC2 COUNTY COURT AT LAW #2  STATUS: DO DISPOSED
  FILING DATE: 01-29-2015      CASE TYPE: CJP CV J P APPEAL.
DATE CASE ENTERED: 01-29-2015
 EVENT CATEGORY:
   PERIOD:   TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 04-08-2015 | PL 1 | ASM:CV COPY FEE CLERK MAKES HOPKINS & WILLI | | $2.00 |
| 04-08-2015 | | PLD:CV LETTER TO CLERK | | |
| 04-08-2015 | PL 1 | PMT:CV COPY FEE CLERK MAKES Received Of: HOPKINS & WILLI Memo: 04807797 | F 26804 | $-2.00 |
| 04-09-2015 | PL 1 | DSB:CV CASH BOND DISBURSEMENT | | $475.00 |

DISBURSED $475.00 CK #4770
Paid to the order of: Federal National Mort. Assoc
C-1-CV-15-000869 Bond Refund

| | | | | |
|------|-------|-------|-----------|--------|
| 04-09-2015 | | PLD:CV NOTICE OF APPEAL 3RD CT | | |
| 04-09-2015 | | MSC:CV REQ FOR REPORTERS RECRD | | |
| 04-09-2015 | | PLD:CV LETTER TO CLERK | | |
| 04-09-2015 | | PLD:CV NOTICE OF APPEAL 3RD CT | | |

NOTICE OF APPEAL

| | | | | |
|------|-------|-------|-----------|--------|
| 04-10-2015 | | MSC:CV ASSIGNMENT OF APPEAL | | |

ASSIGNED TO: GUY D'ALESSIO

| | | | | |
|------|-------|-------|-----------|--------|
| 04-13-2015 | | PLD:CV FILE COPY OF LETTER | | |
| 04-17-2015 | | MOT:CV OTHER | | |

MOTION TO CHALLENGE INSUFFICIENT BOND AND FOR ISSUANCE OF WRIT

| | | | | |
|------|-------|-------|-----------|--------|
| 04-20-2015 | | NTC:CV HEARING | | |

TRAVIS COUNTY, STATE OF TEXAS
P. O. BOX 149325
AUSTIN, TEXAS 78714-9325

TIME: 08:33:45 AM
DATE: May 4, 2015
PAGE: 4

C-1-CV-15-000869                          FEDERAL NATIONAL VS L ACEVEDO
      PARTY:
     COURT/JUDGE: CC2  COUNTY COURT AT LAW #2          STATUS:  DO  DISPOSED
     FILING DATE: 01-29-2015                        CASE TYPE:  CJP  CV J P APPEAL
DATE CASE ENTERED: 01-29-2015
  EVENT CATEGORY:
     PERIOD:            TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 04-21-2015 |  | PLD:CV FAX DOCKET CALL |  |  |
| 04-24-2015 | DF 1 | PLD:CV CT APPEALS AFFID INABIL |  |  |
| 04-27-2015 | PL 1 | ASM:CV WRIT OF POSS OR SEQUES<br>BARRETT DAFFIN |  | $5.00 |
| 04-27-2015 | PL 1 | ASM:CV SERVICE WRIT OF POSSESS<br>BARRETT DAFFIN |  | $160.00 |
| 04-27-2015 |  | PLD:CV LETTER TO CLERK |  |  |
| 04-28-2015 | PL 1 | PMT:CV WRIT OF POSS OR SEQUES<br>Received Of: BARRETT DAFFIN<br>Memo: 05053937 | F  27244 | $-5.00 |
| 04-28-2015 | PL 1 | PMT:CV SERVICE WRIT OF POSSESS<br>Received Of: BARRETT DAFFIN<br>Memo: 05053937 | F  27244 | $-160.00 |
| 04-30-2015 | DF 1 | ISS:CV WRIT OF POSSESSION<br><br>CONSTABLE 5 |  |  |

CAUSE NO._____

IN THE COURT OF APPEALS OF TEXAS
THIRD DISTRICT
AUSTIN

MOTION FOR REVIEW OF TRIAL COURT'S ORDER
from
CAUSE NO. C-1-CV-15-000869

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE § | IN THE COUNTY COURT | |
| ASSOCIATION A/K/A FANNIE MAE, § | | |
| Plaintiff, § | AT LAW NO. 2 | |
| § | | |
| v. § | | |
| LENNY ACEVEDO ET AL § | | |
| Defendant. § | TRAVIS COUNTY, TEXAS | |

Lenny Acevedo files this Motion for Review of Trial Court's Order. In support of his motion, Acevedo will show the following:

Acevedo was sued twice by Fannie Mae for forcible detainer. Acevedo cited the two year statute of limitations as his defense. The judge in the justice court ruled in favor of Acevedo both times. In this instance, Fannie Mae appealed the second judgment for a trial *de novo* to county court.

The trial was held on March 30, 2015, and the judgment of the court was signed on April 2, 2015 and filed in the record on April 6, 2015[1]. On April 9, 2015, seven days after notification of the judgment, Acevedo noticed the clerk of

---

[1] Exhibit 1 – Judgment, attached hereto and incorporated herein.

his intention to appeal[2]. In its order, the court had not set a supersedeas bond amount , so Acevedo posted a $500 supersedeas surety bond[3] at that time, in order to supersede the execution of the judgment.

The judgment of the county court may not be stayed unless within 10 days from the judgment the appellant files a supersedeas bond, and because the signed judgment was not recorded until April 6, Acevedo did not have time to petition the court to set a bond amount, so he filed a $500 supersedeas bond in order to stay execution.

The bond was posted in the registry of the court and the writ was stayed. The clerk did not contest the bond.

On April 24, 2015, Fannie Mae filed a motion to challenge insufficient bond and for issuance of writ[4]. The hearing for this motion was held on May 1, 2015.

At the hearing, Judge Shepperd stated that he had not set a bond amount and therefore, there was no bond in the record. Judge Shepperd reasoned that if he had not set a bond amount, there could be no bond.

Judge Shepperd did not rule on the insufficiency of the bond, and ordered that the writ should issue pursuant to Tex.R.Civ.P. 24.

The hearing was set for 9:00 a.m., and a writ of possession was issued by the court at 8:00 a.m.., hours before the judgment in the case. When Appellant

---

[2] Exhibit 2 – Notice of Appeal, attached hereto and incorporated herein.
[3] Exhibit 3 – Surety bond, attached hereto and incorporated herein.
[4] Exhibit 4 – Motion to challenge insufficiency, attached hereto and incorporated herein.

returned to his home after court, a 24 hour notice to vacate was posted to his front door. The notice was posted at 8:50. This was before the hearing started.

## ISSUES FOR REVIEW
### ISSUE 1

Did the court rule on the motion before it?

### ISSUE 2

If the trial court, in a trial for possession, did not set an amount of supersedeas bond, does Appellant have the right to post a supersedeas bond within ten days from judgment to stay execution of the judgment?

### ISSUE 3

Whether, on May 1, 2015, the trial court had jurisdiction to amend its judgment by setting a sufficient bond?

### ISSUE 4

Whether a court can issue process based on a judgment that has not yet been issued?

## ARGUMENTS AND AUTHORITIES

A supersedeas bond is part of the right of appeal. The court, by not setting a supersedeas bond amount, denies Appellant the right to stay the judgment of the court as it pertains to execution of a writ.

"The supersedeas bond is part of the right of appeal and is only intended to indemnify the judgment creditor from losses caused by delay of appeal. *State v.*

*Watts*, 197 S.W.2d 197 (Tex.Civ.App.—Austin 1946, writ ref'd) *Muniz v. Vasquez*, 797 S.W.2d 147 (Tex.App.—Houston, 1990).

The trial court is obligated to extend all rights of due process to all parties. In order to achieve this in a forcible detainer appeal, the court must set an amount for supersedeas bond in its judgment. To fail to set an amount, the court has denied rights to which an appellant is entitled.

If the trial court does not set an amount for supersedeas bond in a hearing for possession, it denies Appellant the right to supersede enforcement of the judgment. The setting of the amount of bond in a suit for possession should be an automatic inclusion in any judgment for possession.

""A law which practically takes away from either party to litigation the right to a fair and impartial trial in the courts provided by the constitution for the determination of a given controversy, denies a remedy by due course of law". *Dillingham v. Putnam*, 109 Tex.1, 14 S.W.303 (Tex. 1890) The *Dillingham* court went on to hold that a legislative act making the right of appeal depend on the giving of a supersedeas bond, without reference to the appellant's ability to pay, was unconstitutional. *Id.* 14 S.W. at 305.

In the absence of an amount for supersedeas bond, Appellant filed a $500 surety bond. Appellant had no idea as to what a properly sufficient bond would be, but since time was of the essence, was able to find two sureties to sign a surety

bond in the amount of $500. Appellant also knew that if the bond was not sufficient or defective, Fannie Mae had the right to petition the court for a higher amount of bond. The $500 bond was filed and the court accepted the bond.

Appellant had a right to file a bond to stay execution. In the absence of an amount set by the court, if he had not filed a bond, he would have waived his right.

At the hearing on the bond, the court did not determine that the bond was defective or insufficient. Judge Shepperd stated that ten days had passed since his judgment, and he therefore could not now set a bond amount.

The court erred when, after motion and argument that the bond was insufficient, it did not determine that there was a bond, the bond was insufficient, set a sufficient bond amount and allow time to cure the defect.

At the hearing on the Motion to challenge insufficient bond, Judge Shepperd stated that he did not have jurisdiction to set a bond because it was more than ten days after judgment. The judge erred, pursuant to the Texas Appellate Rules, the court maintains plenary power to set a sufficient bond when the sufficiency of the bond is challenged. Tex.R.App.P. 24.3(a)(1).

The trial court, even if its plenary powers had expired, maintains the jurisdiction to amend its judgment. "Even after the trial court's plenary power expires, the trial court has continuing jurisdiction to order the amount and type of security and decide the sufficiency of the sureties." Tex.R.App.P. 24.3(a)(1); *see*

*Whitmire v. Greenridge Place Apartments*, 333 S.W.3d 255 at 260 (Tex.App—Houston [1st Dist.] 2010, pet. dism'd); *In re M.V.G.*, 285 S.W3d 573, 575 (Tex.App.—Waco 2009)(order abating appeal) (per curium)("And if the judgment is superseded, the trial court nevertheless retains 'continuing jurisdiction' to evaluate the adequacy of the security required to supersede the judgment."_ *Miller v. Kennedy & Mishew, Prf'l Corp.*, 80 S.W.3d 161, 164 (Tex.App.—Fort Worth 2002, no pet.)(holding that trial court possesses authority after the expiration of its plenary power to review the sufficiency of sureties on a supersedeas bond). Thus, if the bond in the present case was a supersedeas bond, the trial court had continuing jurisdiction to review the amount of the bond and the sufficiency of the sureties. *See* Tex.R.App.P. 24.3(a)(1). *Cox v. Simmonds,* Tex.App.—Corpus Christi 2015).

In the instant case, the court was noticed by motion that the supersedeas bond was insufficient. The motion recognizes the fact that there is a supersedeas bond filed, notwithstanding an insufficient amount. The court erred when it ruled that because the court had not set the supersedeas bond amount, there was no bond. Rather, the court was obligated to rule on the insufficiency, amend his judgment, set a sufficient bond amount and allow Acevedo time to cure his defect.

To determine that there was no bond is in direct contravention to the evidence in the record that a bond was filed, and constitutes judicial error.

The court had an obligation, if there was a complaint of insufficiency, to set the amount sufficient to supersede execution of a writ and allow Appellant time to cure by posting a sufficient supersedeas bond.

When the bond was challenged on the grounds of insufficiency, the court is to determine 1) whether the bond was insufficient, 2) what amount of bond would be sufficient, and 3) allow five days to cure the defective bond. *Ashley Furniture Industries Inc, v. Law Office of David Pierce*, 311 S.W.3d 595, (Tex.App.—El Paso, 2010).

When the trial court is called upon to review the sufficiency of the sureties on a supersedeas bond, that review is conducted *de novo*. The trial court is to decide the sufficiency of the sureties or the insufficiency of the bond. The court must hold an evidentiary hearing to determine the sufficiency of the amount and type of security and the sufficiency of the sureties. *Lamar County Elec. Co-op. Ass'n*, 51 S.W.3d 801, 805 (Tex.App.—Texarkana 2001, pet. denied)(recognizing trial court may determine sufficiency of sureties on supersedeas bond).

In this case, the court did not determine the sufficiency of the bond. Rather, it determined there was no bond and therefore a writ could issue. Appellant is not able to provide a copy of the order issued on May 1, 2015, as it is not yet in the record of the court.

If the bond was defective, as it appears it may have been, the court must then determine the sufficient amount of supersedeas bond and enter an order giving Acevedo twenty-one days to file an amended supersedeas bond. *Miller v. Kennedy & Minshew*, 80 S.W3d 161 (Tex.App—Fort Worth, 2002).

"—concluding supersedeas bond was insufficient to protect judgment creditors and citing Rule 24.1(e), holding "the trial court is required to order the specific action it deems necessary to adequately protect the judgment creditor." *Huff Energy Fund, LP v. Longview Energy Company*, No. 04-12-00630-CV, (Tex.App.—San Antonio, 2014).

"The county court therefore had the authority to modify the amount of the supersedeas bond after the expiration of its plenary power." *Whitmire v. Greenridge Place Apartments*, No. 01-06-00963-CV (Tex.App.—Houston [1st District], 2007).

## SUMMARY

Acevedo had a right to post a surety bond even though the court had not included an amount for supersedeas in its original judgment.

When a court has a motion before it, the court must rule on that motion and no other. In the case of a motion for insufficient bond, the matter is handled *de novo*. At that point, the court looks only to the motion before it and determines the issue before it. That was not done in this case.

The motion for insufficient bond, which was before the court, asks that because the Defendant had failed to post an appropriate bond in accordance with Tex.R.Civ.P. 24, a writ should issue. This is a defect in the pleadings and a judicial impossibility to grant a writ pursuant to Tex.R.Civ.P. 24.

Tex.R.Civ.P. 24 is Duty of Clerk. Tex.R.App.P.24 is suspension of enforcement of judgment pending appeal in civil cases. When challenged with the insufficiency of a bond, the court must rule on that insufficiency and determine what the sufficient amount to protect the creditor while on appeal is, and allow the time to cure the defect.

The issue before the court was not that no bond was posted and therefore, judgement could not be stayed. The motion was for insufficiency of the bond.

The court erred in not determining the matter before it, which was: was the bond insufficient? If it is determined that the bond is insufficient, the court must set a sufficient amount, and give the party time to post a sufficient bond.

The court erred by not ruling on the issue before it and allowing Acevedo time to cure any defect.

The writ was issued by the clerk of the court at 8:00 a.m. April 30, 2015 and posted at 8:50 a.m. on May 1, 2015, the day of the hearing. The judgment in the

hearing wasn't issued until close to 10:00 a.m..[5] Until the order of the court was issued, the $500 supersedeas bond had not been determined to be insufficient and therefore superseded the execution of a writ. This is impropriety at the very least.

## PRAYER

Lenny Acevedo prays that this Court consider the facts and the law and reverse the judgment of the court and render this case for rehearing to set a sufficient supersedeas bond amount with time to cure.

Respectfully submitted,

/s/ James Minerve
James Minerve
State Bar No. 24008692
115 Saddle Blanket Trail
Buda, Texas 78610
(210) 336-5867
(888) 230-6397 (Fax)
Attorney for Lenny Acevedo

## CERTIFICATE OF CONFERENCE

Due to the exigency of the time limitations on filing this motion, during the week end, I was unable to contact Mark Hopkins to confer as to his consent or disagreement about filing this motion.

/s/ James Minerve

## CERTIFICATE OF SERVICE

---

[5] There is no order in the record of the as of May 4, 2015 at 9:00 a.m., and parties were not given a copy of the order.

A true and correct copy of the attached Motion for Review as was sent by U. S. Postal service on May 4, 2015 to:

HOPKINS & WILLIAMS
Mark D. Hopkins
12117 Bee Caves Road, Suite 260
Austin, Texas 78738

/s/ James Minerve

# EXHIBIT 1

CAUSE NO. C-1-CV-15-000869

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION A//K/A FANNIE MAE, *Plaintiff,* | §<br>§<br>§<br>§<br>§<br>§ | IN THE COUNTY COURT |
| V. | §<br>§ | |
| LENNY ACEVEDO AND ALL OTHER OCCUPANTS OF 1108 FOX SPARROW COVE, PFLUGERVILLE, TEXAS 78660 | §<br>§<br>§<br>§<br>§ | AT LAW NO. 24 |
| *Defendant(s).* | §<br>§ | TRAVIS COUNTY, TEXAS |

## JUDGMENT

Plaintiff, Federal National Mortgage Association a/k/a Fannie Mae ("Plaintiff"), appeared through its attorney of record. Defendants, Lenny Acevedo ("Defendant") and all other occupants of 1108 Fox Sparrow Cove, Pflugerville, Texas 78660, appeared through counsel. The Court, having reviewed the pleadings and considered the testimony, exhibits and all other relevant evidence, is of the opinion that Plaintiff is entitled to the relief sought.

**IT IS ORDERED** that Plaintiff is entitled to possession of the premises described in Plaintiff's Original Petition for Forcible Detainer, and have restitution, for which let writ issue, of the premises commonly known as 1108 Fox Sparrow Cove, Pflugerville, Texas 78660, and legally described, as:

LOT 1, BLOCK C, KUEMPEL TRACT PHASE 3, SECTION FIVE, AN ADDITION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE PLAT OF RECORD IN VOLUME 2002, PAGE 318, TRAVIS COUNTY, TEXAS.

IT IS FURTHER ORDERED that Plaintiff have and recover from Defendants reasonable attorney's fees at the trial court level in the amount of $1,000.00, which may be collected from the bond posted by defendant, if any, payable immediately by the Clerk of the Court upon presentation of this order, together with reasonable attorney's fees if the case is

unsuccessfully appealed to the Courts of Appeal in the amount of $2,000.00, reasonable attorney's fees if the case is unsuccessfully appealed on writ of error to the Supreme Court of Texas in the amount of $3,500.00, and if writ is granted by the Supreme Court but the appeal is unsuccessful, reasonable attorney fees in the amount of $2,500.00.

**IT IS FURTHER ORDERED** that plaintiff recover from the Defendant(s) costs of court, for which let execution issue.

**ALL RELIEF NOT EXPRESSLY GRANTED HEREIN IS DENIED.**

SIGNED this _____ day of _____ April _____, 2015.

_____
JUDGE PRESIDING

**SUBMITTED BY:**

_____
Coury M. Jacocks
State Bar No. 24014306
15000 Surveyor Blvd., Suite 100
Addison, Texas 75001
972-340-7961 (Phone)
972-341-0734 (Fax)
Email: couryj@sdfgroup.com

ATTORNEY FOR PLAINTIFF



# EXHIBIT 2

CAUSE NO. C-1-CV-15-000869

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATON A/K/A FANNIE MAE **Plaintiff** | § § § § | IN THE COUNTY COURT |
| v. | § § § | AT LAW NO. 2 |
| LENNY ACEVEDO and ALL OCCUPANTS OF 1108 FOX SPARROW COVE, PFLUGERVILLE, TEXAS 78660 **Defendants.** | § § § § | TRAVIS COUNTY, TEXAS |

## NOTICE OF APPEAL

Lenny Acevedo notices this Court of his Notice of Appeal to the 3rd Court of Appeals,

from the Judgment issued on April 2, entered in the clerk's record on April 6, 2015.

Respectfully submitted,

Lenny Acevedo

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the Notice of Appeal was sent on April 9, 2015 by U. S. Postal Service to:

Mark D. Hopkins
HOPKINS & WILLIAMS, PLLC
12117 Bee Caves Rd., Suite 260
Austin, Texas 78738



EXHIBIT 3

Filed: 4/9/2015 10:45:57 PM
Dana DeBeauvoir
Travis County Clerk
C-1-CV-15-000869
Adrianna Perez

CAUSE NO. C-1-CV-15-000869

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE **Plaintiff** | § § § § | IN THE COUNTY COURT |
| v. | § § § | AT LAW NO. 2 |
| LENNY ACEVEDO and ALL OCCUPANTS OF 1108 FOX SPARROW COVE, PFLUGERVILLE, TEXAS 78660 **Defendants.** | § § § § § | TRAVIS COUNTY, TEXAS |

KNOW ALL MEN BY THESE PRESENT,

THAT, WHEREAS, judgment was rendered on the 2ndt day of April, 2015, in the County Court of Law #2 of Travis County and State of Texas, in favor of Federal National Mortgage Association and against Lenny Acevedo and all other Occupants in Cause No. C-1-CV-15-000869 for possession, from which judgment the said, Lenny Acev edo desires to appeal to the 3rd Court of Appeals at Austin, Texas.

NOW THEREFORE, I, the said appellant Lenny Acevedo, as principal, and Suzanne Rady and Guillermo Rangel as Sureties, acknowledge ourselves bound to pay to the Appellee Federal National Mortgage Association, the sum of $500.00, conditioned that said appellant shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on said appeal.

Witness our hands this 9th day of April 9, 2015

_____        Principal
Lenny Acevedo



_____
Surety

_____
Surety

The State of Texas     }
                          }SS
County of Travis      }

## AFFIDAVIT OF SURETY

I, Suranne Paby , do swear that I am worth, in my own right, at least the sum of

$500.00, after deducting from my property all that which is exempt by the

Constitution and Laws of the State from forced sale, and after the payment of all

my debts, and after satisfying all encumbrances upon my property which are

known to me; that I reside in Travis County and have property in this State

liable to execution worth said amount or more.

_____

SWORN TO AND SUBSCRIBED BEFORE ME this _9th_ day of April 9, 2015



_Notary Public of the State of Texas_

The State of Texas }
}SS
County of Travis }

## AFFIDAVIT OF SURETY

I, Guillermo Rangel do swear that I am worth, in my own right, at least the sum of $500.00, after deducting from my property all that which is exempt by the Constitution and Laws of the State from forced sale, and after the payment of all my debts, and after satisfying all encumbrances upon my property which are known to me; that I am a property owner in ___TRAVIS___ County and have property in this State liable to execution worth said amount or more.

_Guillermo Rangel_

SWORN TO AND SUBSCRIBED BEFORE ME this 9th day of April 9th, 2015.



Notary Public of the State of Texas

I hereby approve the foregoing Bond, this ___ day of April, 2015

_____
County Clerk



**AMPLIFY FEDERAL CREDIT UNION**

P.O. Box 85300 | Austin TX 78708

SUZANNE RADY RANGEL
18318 HEATHER WILDE
PFLUGERVILLE TX 78660

STATEMENT PERIOD
FROM 01JAN15 TO 31MAR15

PAGE 11

ACCT NO: ***9225

| TRANS- ACTION DATE | DESCRIPTION — EACH TRANSACTION WITH A / IN THIS COLUMN IS EFFECTIVE DATED | PERIODIC INTEREST CHARGES | LATE PAYMENT CHARGES | DEBITS (-) | CREDITS (+) | NEW BALANCE |
|---|---|---|---|---|---|---|
| | PAI ISO AUSTIN TX | | | | | |
| | 000000006668 TX48036 Mar 31 @ 1:29pm | | | | | |
| | Surcharge 2.00 | | | | | |
| MAR31 | ATM TXN FEE | | | 1.50 | | 11775.95 |
| MAR31 | ATM WITHDRAWAL | | | 202.00 | | 11573.95 |
| | PAI ISO AUSTIN TX | | | | | |
| | 000000006669 TX48036 Mar 31 @ 1:29pm | | | | | |
| | Surcharge 2.00 | | | | | |
| MAR31 | ATM TXN FEE | | | 1.50 | | 11572.45 |
| MAR30# | DEBIT PURCHASE | | | 8.65 | | 11563.80 |
| # | TEXACO 0359728 Q61 PFLUGERVILLE TX | | | | | |
| # | 508900028974 12345678 Mar 30 | | | | | |
| MAR31 | DEBIT PURCHASE | | | 321.74 | | 11242.06 |
| | VZWRLSS*IVR VN 800-922-0204 NJ | | | | | |
| | 509000028975 12345678 Mar 31 | | | | | |
| MAR31 | CHARGE FEE - PAPER STATEMENT FEE | | | 2.25 | | 11239.81 |

Cleared Share Draft Recap

| Draft # | Date | Amount | Draft # | Date | Amount | Draft # | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| 1159 | MAR11 | 98.04 | *1165 | MAR16 | 190.00 | 1194 | MAR23 | 78.84 |
| 1160 | MAR05 | 155.12 | *1167 | MAR18 | 505.00 | 1195 | MAR23 | 3000.00 |
| 1161 | MAR12 | 350.00 | 1168 | MAR18 | 500.00 | 1196 | MAR30 | 1500.00 |
| *1163 | MAR13 | 100.65 | *1193 | MAR18 | 45.00 | 1197 | MAR30 | 1900.00 |

| | Total for this period | Total year-to-date |
|---|---|---|
| Total Overdraft Fees ............... | 0.00 | 0.00 |
| Total Returned Item Fees ........... | 0.00 | 0.00 |

----------------------SUMMARY----------------------

Previous Balance as of 01 MAR 15...... 25527.30

Total of 12 Share Drafts for ........ 8422.65 -
Total of 120 Other Debits for........ 9461.54 -
Total of 18 Deposits for ............ 1493.50 +
Total of 2 Other Credits for ........ 2103.20 +

Ending Balance as of 31 MAR 15........ 11239.81

Continued on page 12



EQUAL HOUSING LENDER
Federally Insured by NCUA

EXHIBIT 4



**HOPKINS & WILLIAMS**
R.L.L.C.

EMILY YURAS
emily@hopkinswilliams.com

April 17, 2015

*Via regular U.S. mail*
*and CMRRR# 70121640000171146319*
Lenny Acevedo and All Other Occupants
1108 Fox Sparrow Cove
Pflugerville, Texas 78660

      RE:    **CAUSE NO. C-1-CV-15-000869**; *Federal National Mortgage Association v.*
              *Lenny Acevedo and all Occupants of 1108 Fox Sparrow Cove, Pflugerville, TX*
              *78660*, in the County Court at Law No. 2, Travis County, Texas

           **H609-15**

Dear Mr. Acevedo:

    Please find enclosed the *Motion to Challenge Insufficient Bond and for Issuance of Writ* filed in the above-referenced cause on April 17, 2015.

                              Sincerely,

                              Emily K. Yuras, Legal Assistant to
                              HOPKINS & WILLIAMS, PLLC

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION A//K/A FANNIE MAE, *Plaintiff,* | § § § § | IN THE COUNTY COURT |
| V. | § § § | AT LAW NO. 2 |
| LENNY ACEVEDO AND ALL OTHER OCCUPANTS OF 1108 FOX SPARROW COVE, PFLUGERVILLE, TEXAS 78660 | § § § § § | |
| *Defendant(s).* | § § | TRAVIS COUNTY, TEXAS |

## MOTION TO CHALLENGE INSUFFICIENT BOND AND FOR ISSUANCE OF WRIT

COMES NOW, FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE, Plaintiff, and files this Motion to Challenge Insufficient Bond and For Issuance of Writ. Fannie Mae would respectfully request that the court Issue a Writ for Possession in this cause at this time due to Appellee's failure to file sufficient bond.

### I. FACTS

1.  Defendant Appeals this matter to the 3rd Court of Appeals after Judgment was awarded for possession of the property to Plaintiff on April 2, 2015.

2.  Defendant filed his Notice of Appeal on April 9th, 2015 and attached thereto a proposed surety bond signed by himself, Suzanne Rady, and Guillermo Rangel. The amount assured by all three parties was $500.00.

### II. ARGUMENT

3.  A judgment debtor may suspend or supersede execution of a judgment while the debtor pursues a review by filing with the trial court clerk a good and sufficient

APR 2 4

bond. TEX R. APP. P. 24.1(a)(2)-(3). When a judgment involves an interest in real property, the amount of the supersedeas bond or deposit must be "the value of the property interest's rent or revenue during the pendency of the appeal. TEX. R. APP. P. 24.2(a)(2)(A); *Whitmire v. Greenridge Place Apartments*, 333 S.W>3d 255, 260 (Tex. App.---Houston[1st Dist.] 2010, pet. dism'd) Furthermore, the surety on a bond or the deposit made in lieu of a bond is subject to liability "for all damages and costs that may be awarded against the debtor----up to the amount of the bond, deposit, or security," if "the judgment is for the recovery of an interest in real or personal property, and the debtor does not pay the creditor the value of the property interest's rent or revenue during the pendency of the appeal." TEX R. APP. P. 24.1(d)(3). Because appeals can take longer than expected, the County court has authority to modify the amount of the supersedeas bond even after then expiration of it's plenary power. TEX R. APP. P. 24.3(a)

4. In this matter $500.00 is a wholly insufficient supersedeas bond amount for the award of the possession of the property located at 1108 Fox Sparrow Cove, Pflugerville.

## MOTION FOR ISSUANCE OF WRIT

5. Because Defendant has failed to post an appropriate bond in accordance with Texas Rule of Civil Procedure 24, Plaintiff asks that the court issue a writ for possession at this time in accordance with the judgment signed on April 2, 2015.

Respectfully Submitted,

**HOPKINS & WILLIAMS, PLLC**

By: _____

Mark D. Hopkins
State Bar No. 00793975
Brantley Boyett
State Bar. No. 24057592
12117 Bee Caves Rd., Suite 260
Austin, Texas 78738
(512) 600-4320
(512) 600-4326 Fax
mark@hopkinswilliams.com

ATTORNEY FOR FEDERAL NATIONAL
MORTGAGE ASSOCIATION

## CERTIFICATE OF SERVICE

Pursuant to Texas Rules of Civil Procedure, a true and correct copy of the foregoing has been sent on this the _17th_ day of April 2015 to all parties of record via the method indicated as follows:

*Via regular U.S. mail*
*and CMRRR# 70121640000171146319*
Lenny Acevedo and All Other Occupants
1108 Fox Sparrow Cove
Pflugerville, Texas 78660

PRO SE DEFENDANT

_____
Brantley Boyett

*Motion to Challenge Insufficient Bond*
H609-15 Acevedo

APR 24